MISHA ISAAK
misha.isaak@stoel.com
KEVIN R. SCHOCK
kevin.schock@stoel.com
KIMBERLY J. CULLEN
kimberly.cullen@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Telephone:  503.224.3380
Facsimile:  503.220.2480

*Attorneys for Defendant PeaceHealth*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON, EUGENE DIVISION

| | |
|---|---|
| KAREN STAPLETON, as guardian *ad litem* for JANE STAPLETON; DAN McGEE, MD, PhD, an individual and licensed medical practitioner; and EUGENE EMERGENCY PHYSICIANS, P.C., an Oregon professional corporation,<br><br>Plaintiffs,<br><br>v.<br><br>PEACEHEALTH, a Washington nonprofit corporation; APOLLOMD, INC., a Georgia corporation; APOLLOMD BUSINESS SERVICES, LLC; LANE EMERGENCY PHYSICIANS LLC, an Oregon limited liability corporation; and DOES 1-5,<br><br>Defendants. | Case No.:<br><br>**DEFENDANT PEACEHEALTH'S NOTICE OF REMOVAL**<br><br>(Lane County Circuit Court Case No.: 26CV13538) |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE THAT Defendant PeaceHealth removes this civil action from

the Circuit Court of the State of Oregon for Lane County to the United States District Court for

the District of Oregon, Eugene Division, pursuant to 28 U.S.C. §§ 1332(a), 1441(b), 1446.  This

Page 1 – DEFENDANT PEACEHEALTH'S NOTICE OF REMOVAL
152456210.4 0065738-00104

Court has original diversity jurisdiction under § 1332(a). Defendant provides a short and plain statement of the grounds for removal pursuant to § 1446(a), as follows:

## BACKGROUND

1. On March 20, 2026, Plaintiff Karen Stapleton, as parent and putative guardian *ad litem* for minor Jane Stapleton; Dan McGee, MD, PhD; and Eugene Emergency Physicians, P.C. (collectively "Plaintiffs") filed a complaint against PeaceHealth, ApolloMD, Inc. and ApolloMD Business Services, LLC ("ApolloMD"), and Lane Emergency Physicians LLC (collectively "Defendants") in the Circuit Court of the State of Oregon for Lane County, entitled *Stapleton, et al. v. PeaceHealth et al.*, Case No. 26CV13538. A true and correct copy of the complaint is attached as Exhibit A ("Complaint" or "Compl.").

2. Defendant PeaceHealth was served with a copy of the Complaint on March 25, 2026. *See* Exhibit A. Other than the Complaint, no other process, pleadings, or orders have been served upon Defendant PeaceHealth in this action under § 1446(a). *See* Exhibit B (docket).

3. The Complaint sets forth two claims for relief: (1) Declaratory Relief for alleged violations of Senate Bill ("S.B.") 951 (2025) (codified at ORS 676.555 (2025), ORS 58.500 (2026) (formerly ORS 58.375), and ORS 58.503 (2026) (formerly ORS 58.376)), known as Oregon's ban on the "Corporate Practice of Medicine," (Compl. ¶¶ 9-33); and (2) Injunction against Defendants (*id.* ¶¶ 34-36).

4. Plaintiffs allege that PeaceHealth's decision not to renew its emergency services agreement (the "Contract" or "EEP Contract") with Eugene Emergency Physicians, P.C. ("EEP") and to instead contract with ApolloMD and Lane Emergency Physicians LLC ("LEP"), and advertising and offers of employment by ApolloMD and LEP, violates ORS 676.555. *See* Compl. ¶¶ 11, 15, 25, 33. Plaintiffs further allege that the formation of LEP violates ORS 58.500

(formerly ORS 58.375) and ORS 676.555. *Id.* ¶ 33. Plaintiffs seek a declaration that Defendants' structure and contractual agreements are void because ApolloMD is exerting "de facto control" over LEP in ways that will allegedly affect clinical decision-making, or the nature or quality of emergency medical care delivered to patients at PeaceHealth. *Id.* ¶ 30. Plaintiffs also seek injunctive relief to temporarily prohibit non-renewal of the Contract with EEP, to prohibit ApolloMD-related entities from conducting any business in Oregon, and to dissolve or bar LEP from doing business in Oregon. *Id.* at 11.

## PROCEDURAL STATEMENT

5.     This Notice of Removal is timely filed within 30 days of Defendant PeaceHealth's receipt of a copy of the Complaint, pursuant to §§ 1446(b) and (c).

6.     Defendant PeaceHealth has not yet answered or otherwise replied to the Complaint filed in the action, nor has the time to respond expired.

7.     Forum is proper because this action is pending in Lane County Circuit Court, which is located within the District of Oregon and the Eugene Division. *See* §§ 1441(a), 1446(a); Local Rule 3-2(a)(3).

8.     As further detailed below, this Court has original diversity jurisdiction under § 1332(a) at the time of this Notice of Removal. *See* § 1441(b).

## REMOVAL IS PROPER UNDER DIVERSITY JURISDICTION

9.     Pursuant to §§ 1441(a) and (b), as well as § 1332(a), this case is removable from state court to federal court based on original diversity jurisdiction because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) ("Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different

state than each of the defendants.").  For the following reasons, the amount in controversy and complete diversity requirements are met.

### The Amount in Controversy Exceeds $75,000

10.     The Complaint seeks declaratory and injunctive relief; it does not seek monetary relief, other than Plaintiffs' costs and disbursements.  Compl. at 11-12, ¶¶ 1-4.  "When the removed lawsuit seeks declaratory or injunctive relief, the amount in controversy is measured by the value of the 'object of the litigation.'"  *Biotronik, Inc. v. Medtronic USA, Inc.*, 840 F. Supp. 2d 1251, 1257 (D. Or. 2012) (quoting *Hunt v. Wash. State Apple Adver. Comm'n,* 432 U.S. 333, 347 (1977)).  Courts measure the value of the "object of the litigation" from the standpoint of either that which the plaintiff would stand to gain, or the cost to the defendant.  *See* 14B Wright & Miller's Federal Practice & Procedure § 3708 (5th ed. Update 2025); *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 775 (9th Cir. 2017) (adopting "either viewpoint" rule).  "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold."  *Corral*, 878 F.3d at 774 (citation omitted).

11.     In this instance, the value of the "object of the litigation" is the value of the benefit to Plaintiffs if the EEP Contract is renewed, or the value of delaying its June 2026 expiration, or non-renewal, until "legal emergency care is sufficient to protect Plaintiffs' and other community members' interests[.]"  Compl. ¶ 2(a).

12.     On the face of the Complaint, the value of the benefit to Plaintiffs by renewal of the EEP Contract is greater than $75,000, as the salaries of the EEP providers alone are greater than $75,000.  EEP is a medical provider group that contracts with PeaceHealth and employs "41 healthcare providers" who staff the emergency department at PeaceHealth.  Compl. ¶¶ 3, 10-11.

If the EEP contract is not renewed, there will be a "void left by the 41 EEP providers whose relationship with Defendant PeaceHealth will end in June 2026." Compl. ¶ 27. Plaintiffs have implied that EEP providers will not accept employment recruitment efforts by ApolloMD. Compl. ¶ 27. Thus, the value to Plaintiffs of renewing the EEP Contract with PeaceHealth is greater than $75,000.

13. Alternatively, the object of the litigation is the cost to Defendant PeaceHealth of the declaratory and injunctive relief sought including, but not limited to, prohibiting Defendants ApolloMD and LEP from conducting *any* business in Oregon and therefore making performance of their contract with PeaceHealth impossible. Under either viewpoint, the object of the litigation is valued greater than $75,000.

### The Parties are Completely Diverse

14. An action is removable only if none of the parties in interest properly joined and served as a defendant is a citizen of the State in which the action is brought. § 1441(b)(2). Diversity jurisdiction also requires complete diversity of citizenship among the parties. *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 68 (1996). A limited liability company's citizenship is determined by the citizenship of the members of the LLC. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens"). "By contrast, a corporation is a citizen only of (1) the state where its principal place of business is located, and (2) the state in which it is incorporated." *Id.* (citing 28 U.S.C. § 1332(c)(1)).

15. Here, complete diversity of citizenship exists because it is presumed that Plaintiffs Stapleton and McGee, who allege they are residents of Oregon, are domiciled citizens of Oregon. *See* Compl. ¶¶ 1-2. Upon information and belief, Plaintiff Eugene Emergency Physicians, P.C. is

a citizen of Oregon because it is an Oregon professional corporation that has its principal place of business in Oregon. *See id.* ¶ 3. Because Plaintiffs are Oregon citizens, their citizenship is completely diverse from that of the Defendant entities in this matter, as follows:

16.    PeaceHealth is a citizen of Washington. PeaceHealth is a public benefit organization incorporated in Washington with its principal place of business in Washington. Compl. ¶ 4.

17.    ApolloMD, Inc. is a citizen of Georgia. Upon information and belief, ApolloMD, Inc. is a Georgia corporation with its principal place of business in Georgia. Compl. ¶ 5.

18.    ApolloMD Business Services, LLC's members are not citizens of Oregon. Upon information and belief, ApolloMD Business Services, LLC is a Georgia domestic limited liability company (Compl. ¶ 6), and it is owned by two entities: ApolloMD Holdings, LLC and ApolloMD, Inc. The members of ApolloMD Holdings, LLC are three entities: ValorBridge Partners, LLC, Dr. Michael Dolister, and ApolloMD Physician Partners, Inc. ValorBridge Partners, LLC's members are citizens of Georgia, Florida, North Carolina, Ohio, and South Carolina; Dr. Dolister is a citizen of Florida; and ApolloMD Physician Partners, Inc. is a citizen of Georgia and Delaware, its principal place of business is in Georgia, and it was incorporated in Delaware.

19.    Lane Emergency Physicians LLC is an Oregon company but upon information and belief, it is a citizen of either Georgia or Illinois, as its sole member is a citizen of Georgia or Illinois. *See* Compl. ¶ 14.

20.    Defendants Does 1-5 are "unknown" entities of ApolloMD and their citizenship and entity type is unknown. *See* Compl. ¶ 8. The Court need not consider the citizenship of "Doe" entities for purposes of assessing whether removal is proper. *Newcombe v. Adolf Coors*

Page 6 – DEFENDANT PEACEHEALTH'S NOTICE OF REMOVAL
152456210.4 0065738-00104

*Co.*, 157 F.3d 686, 690 (9th Cir. 1998) ("[T]he citizenship of defendants sued under fictitious names shall be disregarded for the purposes of removal.").

21.     In sum, none of the known Defendants are citizens of Oregon; they are all citizens of either Washington, Georgia, Florida, North Carolina, Ohio, South Carolina, Delaware, or Illinois.  Complete diversity exists among the parties at both the time of the Complaint and at the time of this Notice of Removal, in accordance with § 1441(b)(2).

## OTHER REMOVAL REQUIREMENTS ARE SATISFIED

### *Non-Wavier of Defenses*

22.     Defendant PeaceHealth has good and sufficient defenses in this action and does not waive any rights or defenses under state or federal law, jurisdictional or otherwise, by filing this Notice of Removal.  Nothing should be taken as an admission that Plaintiffs' allegations are sufficient to state a claim or have substantive merit.

23.     If the Court has any questions about this Notice of Removal, Defendant PeaceHealth requests the opportunity to submit further briefing and to present oral argument.

### *Notice of Removal*

24.     Pursuant to § 1446(d), upon filing of this Notice of Removal, Defendant PeaceHealth promptly will serve written notice thereof to Plaintiffs and will file a copy of the Notice of Removal with the Clerk of the Circuit Court of the State of Oregon for Lane County.

WHEREFORE, Defendant PeaceHealth requests that the above-captioned matter be removed from the Circuit Court of the State of Oregon for Lane County, to the United States District Court for the District of Oregon, Eugene Division.

DATED: April 6, 2026

STOEL RIVES LLP

*s/ Kevin R. Schock*

MISHA ISAAK, Bar No. 086430
misha.isaak@stoel.com
KEVIN R. SCHOCK, Bar No. 181889
kevin.schock@stoel.com
KIMBERLY J. CULLEN, Bar No. 246825
kimberly.cullen@stoel.com
Telephone:  (503) 224-3380

*Attorneys for Defendant PeaceHealth*

152456210.4 0065738-00104

# CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing document titled

DEFENDANT PEACEHEALTH'S NOTICE OF REMOVAL on the following named person(s)

or party(ies) on the date and by the method(s) indicated below.

☒ mailing with postage prepaid.   ☒ email (courtesy copy only).

☐ hand delivery.   ☐ email pursuant to agreement among parties/counsel dated _____, consenting to service via email.

☐ facsimile transmission.   ☐ email, for which a confirmation of receipt of the email, sent with this document attached, by the following named person(s) or party(ies) has been received by the undersigned via the method of _____.

☐ overnight delivery.   ☒ eService via CM/ECF

If by mail or overnight delivery, a true copy of the above referenced document(s) was served upon said person(s) or party(ies), contained in a sealed envelope or package, addressed to said person(s) or party(ies) at their last-known address(es) indicated below.

Todd R. Johnston
Hershner Hunter LLP
675 Oak St Ste 400
PO Box 1475
Eugene OR  97401
tjohnston@hershnerhunter.com
541.686.8511

*Attorney for Plaintiffs*
DATED:  April 6, 2026

STOEL RIVES LLP


*s/ Kevin R. Schock*
MISHA ISAAK, Bar No. 086430
misha.isaak@stoel.com
KEVIN R. SCHOCK, Bar No. 181889
kevin.schock@stoel.com
KIMBERLY J. CULLEN, Bar No. 246825
kimberly.cullen@stoel.com
503.294.9419

*Attorneys for Defendant PeaceHealth*

Page 1 – CERTIFICATE OF SERVICE
152456210.4 0065738-00104