Verified Correct Copy of Original 3/23/2026.



FILED
2026 MAR 20 PM 1:44
CIRCUIT COURT OF OREGON
FOR LANE COUNTY

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR LANE COUNTY

KAREN STAPLETON, as guardian *ad litem* for JANE STAPLETON; DAN McGEE, MD, PhD, an individual and licensed medical practitioner; and EUGENE EMERGENCY PHYSICIANS, P.C., an Oregon professional corporation;

        Plaintiffs,

    v.

PEACEHEALTH, a Washington nonprofit corporation; APOLLOMD, INC., a Georgia corporation; APOLLOMD BUSINESS SERVICES, LLC; LANE EMERGENCY PHYSICIANS LLC, an Oregon limited liability corporation; and DOES 1 - 5;

        Defendants.

Case No.  **26CV13538**

COMPLAINT

(Declaratory Relief; Injunctive Relief)

Fee Statue: ORS 21.135(1), (2)(f)

Not Subject to Mandatory Arbitration

Plaintiffs allege:

1.

Plaintiff Karen Stapleton is a parent and Guardian *ad Litem*[1] of Jane Stapleton, a minor, who is a resident of Lane County, Oregon, who has received emergency care at Defendant PeaceHealth and is likely to need emergency care in the future. Plaintiff Stapleton has a legally protectible interest in accessing patient-centered medical care without the inappropriate and unlawful interference of for-profit corporations.

2.

Plaintiff Dan McGee, MD, PhD, is a resident of Lane County, Oregon, and a licensed medical practitioner. Plaintiff Dr. McGee has a legally protectible interest in exercising medical

/////

---

[1] Motion pending.

Page 1 – COMPLAINT



26CV13538
CM
Complaint
20026654

**HERSHNER HUNTER** LLP
ATTORNEYS
PO Box 1475, Eugene, Oregon 97440
**541-686-8511**
fax 541-344-2025

Verified Correct Copy of Original 3/23/2026.

judgment while practicing medicine without the inappropriate and unlawful interference of for-profit corporations.

3.

Plaintiff Eugene Emergency Physicians, P.C. ("EEP"), is an Oregon professional corporation and an emergency service provider that includes approximately 41 healthcare providers who live and work around Lane County, Oregon. Like Plaintiff Dr. McGee, EEP also has a legally protectible interest in the ability of its physicians to exercise medical judgment while practicing medicine without the inappropriate and unlawful interference of for-profit corporations. Additionally, EEP has a legally protectible interest in ensuring that competition for medical contracts is fair and in compliance with Oregon law.

4.

Defendant PeaceHealth ("PeaceHealth") is a Washington nonprofit healthcare network serving patients from Lane County, southern and coastal Oregon.

5.

Defendant ApolloMD, Inc. ("ApolloMD") is a for-profit Georgia corporation.

6.

Defendant ApolloMD Business Services, LLC ("ApolloMD MSO") is a for-profit Georgia limited liability company.

7.

Defendant Lane Emergency Physicians LLC ("LEP") is an illegally formed Oregon limited liability company.

8.

Defendants Does 1 – 5 are unknown, unlicensed ApolloMD entities that have been or may be created in an effort to circumvent Oregon law.

/////

/////

Page 2 – COMPLAINT

**HERSHNER HUNTER** LLP
ATTORNEYS
PO Box 1475, Eugene, Oregon 97440
**541-686-8511**
fax 541-344-2025

Verified Correct Copy of Original 3/23/2026.

FIRST CLAIM FOR RELIEF

(Declaratory Relief)

9.

Plaintiffs reallege paragraphs 1 through 8 above.

10.

For 35 years, EEP has provided emergency medical doctors to hospitals in Lane County. Currently, it contracts with PeaceHealth to provide staff at PeaceHealth Sacred Heart Medical Center at RiverBend, Cottage Grove Community Medical Center, and Peace Harbor Medical Center.

11.

On or about February 3, 2026, Defendant PeaceHealth notified EEP that it would allow its contract with EEP to expire. Defendant PeaceHealth further said that it would enter into agreements with Defendant ApolloMD to provide professional emergency medical services at the PeaceHealth emergency departments in Lane County.

12.

Defendant ApolloMD is a for-profit Georgia corporation, owned in part by other corporations and individuals, seeking to practice medicine in Oregon, in contravention of Oregon law. Defendant ApolloMD is not registered to conduct business in Oregon.

13.

In an effort to circumvent Oregon law and trade upon the goodwill that EEP has built over decades, Defendant ApolloMD registered an illegal entity with the Oregon Secretary of State called Lane Emergency Physicians, LLC. As of the date of registration and the date of this filing, Defendant LEP does not have a single licensed Oregon physician.

14.

Defendant LEP was incorporated by Defendant ApolloMD, which has actual or de facto control over Defendant LEP and other "Apollo" entities, and shares the same principal place of

Page 3 – COMPLAINT

HERSHNER HUNTER LLP
ATTORNEYS
PO Box 1475, Eugene, Oregon 97440
541-686-8511
fax 541-344-2025

Verified Correct Copy of Original 3/23/2026.

business as Defendant ApolloMD (and a variety of other "Apollo" entities). The purported sole owner, member, manager, and employee of Defendant LEP is Dr. Johne Philip Chapman, a resident of either Atlanta, Georgia or Chicago, Illinois. To date, Defendant LEP has conducted no business in Oregon, though it was registered by an agent of Defendant ApolloMD to do business in Oregon on February 9, 2026, the day that Defendant PeaceHealth publicly disclosed it was ending its relationship with EEP in favor of Defendant ApolloMD.

15.

Defendant ApolloMD has stated that a related entity, Defendant ApolloMD MSO will provide management services to Defendant LEP. Defendant ApolloMD MSO has never conducted business in Oregon and is not registered to conduct any business in Oregon.

**Defendants Violate State "Corporate Practice of Medicine" Laws.**

16.

Since 1947, the State of Oregon has recognized the inherent conflict between the profit imperatives of traditional corporations and the professional and ethical duty of physicians to place patients above all else. Accordingly, Oregon has enacted a series of laws to prohibit the "corporate practice of medicine." These laws not only ban corporations from practicing medicine themselves; they prohibit corporations from owning medical practices, recognizing that such control profoundly influences how medical care is delivered by physicians and received by patients. Accordingly, under Oregon law, a professional corporation organized for the purpose of practicing medicine must be majority owned and governed by physicians who are licensed to practice medicine in the State. ORS 58.375.

17.

Despite—or because—of this majority-ownership requirement for medical practices, corporations in the State have begun to engineer sophisticated corporate and contractual structures to circumvent the State's corporate practice of medicine laws. Most commonly, corporations seeking to own medical practices have employed the "friendly physician" or "captive physician"

Page 4 – COMPLAINT

**HERSHNER HUNTER** LLP
ATTORNEYS
PO Box 1475, Eugene, Oregon 97440
**541-686-8511**
fax 541-344-2025

Verified Correct Copy of Original 3/23/2026.

contracting model. There, the corporation seizes functional control over the medical practice through a separate corporate vehicle known as a management services organization, or MSO. The corporate-owned MSO acquires or otherwise secures control of all assets of value in the medical practice and, via contract, the MSO obtains rights to control operations.

18.

Under this scheme, the MSO will identify its own "friendly" physician, assist the physician in becoming licensed in the state, and install the physician as the sole owner of the medical practice, or "professional medical entity." Oftentimes, this physician is a shareholder or employee of the corporation that owns the MSO. The friendly physician is often serially licensed in dozens of states nationwide and may never set foot in the state, much less the medical practice. With this friendly physician in place, the MSO will enter into a management services arrangement with the medical practice the physician "owns" that entitles the MSO to exclusive control over all business and administrations operation of the practices. Frequently, the MSO will further subordinate the friendly physician to the MSO through additional contractual obligations.

**The "Friendly Physician" Model**



19.

In 2025, to address the scheme described above, the Oregon Legislature passed, and the Governor signed, Senate Bill 951. The purpose of the law was to update and enforce the state's ban on the corporate practice of medicine by closing the friendly physician loophole and placing constraints on MSOs. The bill did not outright ban the existence of MSOs, which—when properly

Page 5 – COMPLAINT

**HERSHNER HUNTER** ᴌᴌᴘ
ATTORNEYS
PO Box 1475, Eugene, Oregon 97440
**541-686-8511**
fax 541-344-2025

Verified Correct Copy of Original 3/23/2026.

used—provide "back office" and other administrative services to medical practices. Rather, the bill's intent was to ensure that any MSO works at the behest of the physician-owned medical practices, not the other way around. S.B. 951, *codified at* ORS 676.555 *et seq.*

20.

S.B. 951 places two sets of restrictions on MSOs.

21.

First, the statute places a set of bright-line prohibitions on MSOs. This includes a "dual compensation" ban: the MSO or any physicians compensated by it may not possess majority ownership in the medical practice, or in any "professional medical entity." ORS 676.555(2)(a)(A)-(F). In other words, a friendly physician who is the sole-owner of the professional medical entity may not be on the payroll or otherwise compensated by the MSO. The statute also prohibits the MSO from binding the physician's owners to a "stock transfer restriction agreement"—a contractual arrangement that allows the MSO to control the equity transfer of the friendly physician. In addition, it prohibits the MSO from acquiring or financing the acquisition of the majority of shares in a professional medical entity.

22.

Second, S.B. 951 contains a broad provision that prohibits the MSO from being the controlling entity of a professional medical entity. The statute states that MSOs are prohibited from exercising "de facto control over administrative, business or clinical operations of a professional medical entity in a manner that affects the professional medical entity's clinical decision making or the nature or quality of medical care that the professional medical entity delivers." ORS 676.555(2)(a)(G)(i)-(viii). The bill then provides a non-exhaustive list of prohibited conduct that would amount to *de facto* control, including exercising "ultimate decision-making authority" over hiring and firing; setting work schedules and compensation; setting clinical standards or policies; setting clinical staffing levels; setting policies for patient, client or customer billing and collection; setting prices that the professional medical entity charges for services;

Page 6 – COMPLAINT

**HERSHNER HUNTER** LLP
ATTORNEYS
PO Box 1475, Eugene, Oregon 97440
**541-686-8511**
fax 541-344-2025

Verified Correct Copy of Original 3/23/2026.

staffing decisions; advertising services as the MSO; and negotiation and executing contracts with third party entities. *Id.*

23.

Defendants are using the precise friendly contracting structure that S.B. 951 prohibits. Based upon Defendants' statements to date (they have refused to disclose any underlying contracts), Defendant ApolloMD initially contracted with Defendant PeaceHealth directly, then suggested it was using a more complicated structure in which it plans to operate in Oregon through its affiliated management services organization, Defendant ApolloMD MSO. A friendly physician, Dr. Johne Philip Chapman, was purportedly installed to be the sole owner of Defendant LEP that would contract with Defendant ApolloMD's MSO. This is exactly the business model that Oregon's corporate practice of medicine laws prohibit.

**Defendants' Business Model is Illegal**



24.

Defendant LEP was incorporated by Defendant ApolloMD and shares the same principal place of business. (Defendant ApolloMD actually incorporated Defendant LEP in Oregon the very day that Defendant PeaceHealth announced that it was ending its relationship with EEP.) According to Defendant ApolloMD, the sole owner, member, manager, and officer of Defendant LEP is Dr. Chapman. But Dr. Chapman is not, as of filing, a licensed physician in the State of Oregon. He appears to be a resident of Illinois and practices medicine in the Chicago area. Dr. Chapman has frequently worked as a medical director at numerous ApolloMD physician staffing

Page 7 – COMPLAINT

HERSHNER HUNTER ʟʟᴘ
ATTORNEYS
PO Box 1475, Eugene, Oregon 97440
**541-686-8511**
fax 541-344-2025

Verified Correct Copy of Original 3/23/2026.

locations across the country.  He was also recognized as the company's "Medical Director of the Year."

25.

Under this business model, Defendants are violating S.B. 951 in at least several ways (Defendants have refused to disclose their underlying agreement(s)).

26.

First, S.B. 951 prohibits MSOs like Defendant ApolloMD's from exercising "ultimate decision-making authority" over "[a]dvertising a professional medical entity's services under the name of an entity that is not a professional medical entity." ORS 676.555.  In direct contravention of the law, Defendant ApolloMD has been actively advertising, recruiting and soliciting "headhunter" employment services in an effort to hire the emergency physicians it will need (since it has none).

27.

Second, S.B. 951 prohibits any MSO like Defendant ApolloMD's from controlling "[h]iring or terminating, setting work schedules or compensation for, or otherwise specifying terms of employment of medical licensees." ORS 676.555 (2)(a)(G)(i).  Instead, the employment decisions are required to be made by, or at the behest of, the owner(s) of the professional medical entity—in this case, purportedly Dr. Chapman.  However, Dr. Chapman is not licensed in the state and appears to have no actual involvement in hiring.  Defendant ApolloMD has been actively advertising, recruiting and soliciting "headhunter" employment services in an effort to hire the emergency physicians it will need to fill the void left by the 41 EEP providers whose relationship with Defendant PeaceHealth will end in June 2026. Because Defendant ApolloMD MSO and/or Defendant ApolloMD are exercising de facto control over this activity, it is in violation of S.B. 951.

/////

/////

Page 8 – COMPLAINT

HERSHNER HUNTER LLP
ATTORNEYS
PO Box 1475, Eugene, Oregon 97440
541-686-8511
fax 541-344-2025

Verified Correct Copy of Original 3/23/2026.

28.

Third, under S.B. 951, MSOs like Defendant ApolloMD's are generally prohibited from controlling the "Negotiating, executing, performing, enforcing or terminating contracts with third party payors or persons that are not employees of the professional medical entity." ORS 676.555. Based upon Defendants' statements and admissions, one or more ApolloMD entities have been and continue to be Defendant PeaceHealth's contracting counterpart(s). Notably not in control is Dr. Chapman.

29.

Fourth, S.B. 951 prohibits MSOs like Defendant ApolloMD's from controlling policies for billing and collection, or controlling payor contracting. ORS 676.555. However, Defendant ApolloMD has stated and admitted that it (not Defendant LEP) will handle future billing and collections, as well as contracting with payors. Where, as here, the MSO has assumed decision-making authority over these activities, S.B. 951 is violated.

30.

Fifth, MSOs like Defendant ApolloMD's generally may not exercise "de facto control over administrative, business or clinical operations of a professional medical entity in a manner that affects the professional medical entity's clinical decision making or the nature or quality of medical care that the professional medical entity delivers." ORS 676.555 (2)(a)(G). Based upon Defendants' statements and admissions, they have made clear that Defendant ApolloMD does and will exercise de facto control over every aspect of Defendant LEP, including Defendant LEP's clinical operations, in a manner that will affect Defendant LEP's clinical decision making and the nature or quality of medical care delivered by Defendant LEP.

31.

Defendants contend that their actions and the agreement(s) that they reached to replace EEP do not violate Oregon law and will not affect the quality of emergency services available.

/////

Page 9 – COMPLAINT

HERSHNER HUNTER LLP
ATTORNEYS
PO Box 1475, Eugene, Oregon 97440
541-686-8511
fax 541-344-2025

Verified Correct Copy of Original 3/23/2026.

32.

Plaintiffs have no adequate remedy at law.

33.

Plaintiffs are entitled to a declaration that Defendants are in violation of Oregon law in at least the following particulars:

　　a.　　The purported agreement(s) between Defendants are in violation of ORS 676.555 and consequently, void; and

　　b.　　The formation of Defendant LEP is unlawful pursuant to ORS 58.375 and ORS 676.555 and, consequently, Defendant LEP is not a legal entity permitted to conduct business in Oregon; and

　　c.　　The advertising and other offers of employment by Defendants ApolloMD, ApolloMD and LEP are in violation of ORS 676.555.

SECOND CLAIM FOR RELIEF

(Injunction)

34.

Plaintiffs reallege paragraphs 1 – 33 above.

35.

Additionally, without preliminary and permanent injunctive relief, as described below, Plaintiffs will be irreparably harmed by the decrease in quality of care caused by the corporatization of medicine, the disruption (or complete absence) of emergency care available to the community, and the usurpation of medical judgment of physicians providing emergency services.

36.

Plaintiffs are entitled to preliminary and permanent injunctive relief:

/////

/////

Page 10 – COMPLAINT

**HERSHNER HUNTER** LLP
ATTORNEYS
PO Box 1475, Eugene, Oregon 97440
**541-686-8511**
fax 541-344-2025

Verified Correct Copy of Original 3/23/2026.

(a)    Prohibiting the termination of emergency care on the part of EEP until an appropriate time to be proven at trial or such time as the Court is satisfied that the availability of legal emergency care is sufficient to protect Plaintiffs' and other community members' interests;

(b)    Prohibiting Defendants ApolloMD, LEP and ApolloMD MSO from conducting any business in Oregon, including but not limited to unlawfully offering and advertising to hire emergency physicians; and

(c)    Dissolving Defendant LEP or, in the alternative, barring Defendant LEP from conducting business in Oregon.

WHEREFORE Plaintiffs pray for judgment against Defendants as follows:

1.    On Plaintiffs' First Claim for Relief, a declaration that Defendants are in violation of Oregon law in at least the following particulars:

a.    The purported agreement(s) between Defendants are in violation of ORS 676.555 and consequently, void;

b.    The formation of Defendant LEP is unlawful pursuant to ORS 58.375, ORS 676.555 and, consequently, Defendant LEP is not a legal entity permitted to conduct business in Oregon; and

c.    The advertising and other offers of employment by Defendants ApolloMD, ApolloMD and LEP are in violation of ORS 676.555;

2.    On Plaintiffs' Second Claim for Relief, a preliminary and permanent injunction:

(a)    Prohibiting the termination of emergency care on the part of EEP until an appropriate time to be proven at trial or such time as the Court is satisfied that the availability of legal emergency care is sufficient to protect Plaintiffs' and other community members' interests;

(b)    Prohibiting Defendants ApolloMD, LEP and ApolloMD MSO from conducting any business in Oregon, including but not limited to unlawfully offering and advertising to hire emergency physicians; and

Page 11 – COMPLAINT

**HERSHNER HUNTER** ᴸᴸᴾ
ATTORNEYS
PO Box 1475, Eugene, Oregon 97440
**541-686-8511**
fax 541-344-2025

Verified Correct Copy of Original 3/23/2026.

(c)     Dissolving Defendant LEP or, in the alternative, barring Defendant LEP from conducting business in Oregon;

3.     For Plaintiffs' costs and disbursements incurred herein; and

4.     For such other relief as may be appropriate.

DATED March 20, 2026.

HERSHNER HUNTER, LLP


By  */s/Todd R. Johnston*
Todd R. Johnston, OSB 992913
tjohnston@hershnerhunter.com
Alexandra P. Hilsher, OSB 114218
ahilsher@hershnerhunter.com

Hayden K. Rooke-Ley, OSB 242890
Brendan Ballou, DC Bar No. 241592*
*Pro hac vice application forthcoming*

Of Attorneys for Plaintiffs

Trial Attorney: Todd R. Johnston, OSB 992913

Page 12 – COMPLAINT

**HERSHNER HUNTER** LLP
ATTORNEYS
PO Box 1475, Eugene, Oregon 97440
**541-686-8511**
fax 541-344-2025

Exhibit A
Page 12 of 12