Todd R. Johnston, OSB 992913
tjohnston@hershnerhunter.com
Alexandra P. Hilsher, OSB 114218
ahilsher@hershnerhunter.com
Hershner Hunter, LLP
675 Oak St., Ste. 400
Eugene, OR 97401
Telephone: (541) 686-8511
Facsimile: (541) 344-2025

Hayden K. Rooke-Ley, OSB 242890*
Hayden.k.rookeley@gmail.com
1988 NW Savier St.
Portland, OR 97209
Telephone: (541) 514-0223
*Application for admission forthcoming

Brendan Ballou, DC Bar No. 241592*
brendan@publicintegrityproject.com
Public Integrity Project LLC
1763 Columbia Rd., Ste. 175 #357
Washington DC 20009
Telephone: (917) 684-3900
*Pro hac vice application forthcoming

Of Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| KAREN STAPLETON, as guardian *ad litem* for JANE STAPLETON; DAN McGEE, MD, PhD, an individual and licensed medical practitioner; and EUGENE EMERGENCY PHYSICIANS, P.C., an Oregon professional corporation;<br><br>      Plaintiffs,<br><br>      v.<br><br>PEACEHEALTH, a Washington nonprofit corporation; APOLLOMD, INC., a Georgia corporation; APOLLOMD BUSINESS SERVICES, LLC; LANE EMERGENCY PHYSICIANS LLC, an Oregon limited liability corporation; and DOES 1 - 5;<br><br>      Defendants. | Case No. 6:26-cv-00684-MTK<br><br>Plaintiffs Jane Stapleton, Dan Mcgee, MD, PhD, and Eugene Emergency Physicians, PC's<br><br>MOTION FOR EXPEDITED DISCOVERY<br><br>*Expedited Consideration Requested* |

Page 1 – PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY

**CERTIFICATION**

In compliance with LR 7-1, the parties made a good faith effort through video, email and telephone conferences to resolve the dispute and have been unable to do so.

**MOTION**

Pursuant to FRCP 26, Plaintiffs move the Court for an order to allow expedited discovery in this matter.

This motion is supported by Plaintiffs' Complaint, the Declaration of Brad Anderson and the following memorandum of law.

**MEMORANDUM OF LAW**

I.     **Introduction.**

This case involves the illegal corporate practice of medicine, current and ongoing violations of Oregon law, and current and ongoing harm to Plaintiffs and the community, necessitating preliminary injunctive relief to maintain the status quo prior to a trial on the merits. The factual and legal background is described in Plaintiffs' Motion for Preliminary Injunction and is incorporated herein.

II.     **Points and Authorities.**

Pursuant to FRCP 26, the Court may permit expedited discovery for good cause, which exists "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009); *see also Apple Inc. v. Samsung Elecs. Co.*, 768 F. Supp. 2d 1040, 1044 (N.D. Cal. 2011) ("Courts in the Ninth Circuit generally use the 'good cause' standard to determine whether to permit discovery prior to a Rule 26(f) conference.").

Page 2 – PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY

"The good cause standard may be satisfied where a party seeks a preliminary injunction." *Am. LegalNet, Inc.*, 673 F. Supp. 2d at 1066 (internal quotation marks omitted).  Further, parties to a preliminary injunction hearing are charged with requesting use of the available expedited discovery rules to develop the record and their respective cases.  *See, e.g., Stanley v. University of S. Cal.*, 13 F.3d 1313, 1326 (9th Cir. 1994) ("Thus, the opportunity to conduct discovery was not denied; Coach Stanley simply did not avail herself of it prior to the hearing. Nothing precluded her from conducting discovery prior to the hearing on the preliminary injunction. She could have moved, *ex parte,* for an order shortening time within which to conduct depositions.").

Here, expedited discovery is necessary in order for the parties to provide the Court with a clear and fair assessment of the underlying merits.  Plaintiff, members of the Oregon Legislature and the Oregon Governor have all previously sought information from Defendants, including Defendants' underlying contract, but Defendants have refused to produce them.  Defendants have also refused to disclose whether they have any emergency medical providers qualified to provide emergency medical services in Lane County.  As the precipice of the proposed transition of all current emergency physicians at all PeaceHealth hospitals in May and June approaches (with no known physicians to replace them), this information is critical to Plaintiffs' Motion for Preliminary Injunction and the safety of the community.

/////

/////

/////

/////

/////

/////

Page 3 – PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY

III.    **<u>Conclusion</u>.**

For the reasons stated above, Plaintiffs respectfully request that the Court grant this motion for expedited discovery.

DATED: April 8, 2026.

HERSHNER HUNTER, LLP

By  */s/ Todd R. Johnston*
Todd R. Johnston (he/him), OSB 992913
tjohnston@hershnerhunter.com
Alexandra P. Hilsher (she/her), OSB 114218
ahilsher@hershnerhunter.com

Hayden K. Rooke-Ley (he/him), OSB 242890*
hayden.k.rookeley@gmail.com
*Application for admission forthcoming*

Brendan Ballou (he/him), DC Bar No. 241592*
brendan@publicintegrityproject.com
*Pro hac vice application forthcoming*

Of Attorneys for Plaintiffs