Jeffrey G. Bradford, OSB No. 133080
  Direct:  503.802.5724
  Email:  jeff.bradford@tonkon.com
TONKON TORP LLP
1300 SW Fifth Ave., Suite 2400
Portland, OR 97201

Jason D. Popp, *Pro Hac Vice Forthcoming*
  Direct:  404.881.4753
  Email:  Jason.popp@alston.com
ALSTON & BIRD
One Atlantic Center
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309

*Attorneys for Defendants ApolloMD, Inc.,
ApolloMD Business Services, LLC, and Lane
Emergency Physicians LLC*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## EUGENE DIVISION

| | |
|---|---|
| KAREN STAPLETON, as guardian ad litem for JANE STAPLETON; DAN McGEE, MD, PhD, an individual and licensed medical practitioner; and EUGENE EMERGENCY PHYSICIANS, P.C., an Oregon professional corporation, | Civil No. 6:26-cv-00684-MTK<br><br>**DEFENDANTS' JOINT STATUS REPORT** |
| Plaintiffs, | |
| v. | |
| PEACEHEALTH, a Washington nonprofit corporation; APOLLOMD, INC., a Georgia corporation; APOLLOMD BUSINESS SERVICES, LLC; LANE EMERGENCY PHYSICIANS LLC, an Oregon limited liability corporation; and DOES 1-5, | |
| Defendants. | |

PAGE 1 – DEFENDANTS' JOINT STATUS REPORT

Pursuant to the Court's order of April 9, 2026 (ECF 18), the parties conferred regarding: (1) the parties' respective positions on the appropriate briefing schedule related to Plaintiffs' Motion for Preliminary Injunction (ECF 5) and Plaintiffs' Motion for Expedited Discovery (ECF 16); and (2) the parties' respective positions regarding (a) the need for an evidentiary hearing, (b) the anticipated length of the hearing, and (c) the type of evidence to be offered.

The parties generally disagree about the timeliness of Plaintiffs' motions and the most efficient means for the issues in this case to be resolved. Accordingly, defendants PeaceHealth, ApolloMD, Inc., ApolloMD Business Services, LLC, and Lane Emergency Physicians LLC (collectively "Defendants"), through their respective legal counsel, offer one united proposed response to the Court's requests:

## I.    PROPOSED BRIEFING SCHEDULES

Plaintiffs' proposed schedule is not necessary, appropriate, or consistent with the Federal Rules. Plaintiffs' proposed schedule would prejudice Defendants and would do so in the shadow of Plaintiffs' unexplained delays. As Plaintiffs note in their complaint, EEP has been on notice since at least the beginning of February that their contract was going to expire on its own terms. (Compl. at ¶ 11.) They waited until late March to file the complaint, and further waited until mid-April to file the present motions. If there truly was an emergency requiring expedited relief, Plaintiffs should have raised the issue months ago. They did not, because there is no such emergency or need for expedited relief. Indeed, the contract that is the subject of Plaintiffs' complaint and motion for preliminary injunction is not set to expire until early June 2026. Thus, Plaintiffs do not seek to enjoin any conduct that will occur prior to June 2026.

Plaintiffs' complaint, filed in Lane County Circuit Court on March 20, 2026, raises threshold legal questions that the Court must resolve before any discovery should be exchanged

PAGE 2 – DEFENDANTS' JOINT STATUS REPORT

or any evidentiary hearing should be held.  Defendants have not yet had opportunity to brief or argue these issues.  Depending on how the Court rules on Defendants' anticipated dispositive motions under Rule 12, the issues raised in Plaintiffs' pending motions could be entirely moot. Among other things and while reserving all rights and defenses, Defendants anticipate arguing that Plaintiffs lack standing to bring the claims asserted in the complaint, and that the complaint impermissibly asserts a claim under a statute for which there is no private right of action.  If the Court agrees, then the Plaintiffs have no basis to seek any of the relief sought in their pending motions.

If the Court denies those motions, then discovery and a hearing could proceed on an expedited basis.  Accordingly, Defendants propose the following schedule:

| EVENT | DEADLINE |
| --- | --- |
| April 20, 2026 | Defendants' deadline to submit any Rule 12 motions |
| April 27, 2026 | Plaintiffs' deadline to oppose Defendants' Rule 12 motions |
| April 30, 2026 | Defendants' deadline to reply to Plaintiffs' opposition |
| April 30 – May 1, 2026 | Oral argument on Defendants' motions |
| May 4, 2026 | (1) Defendants' deadline to oppose Plaintiffs' Motion for Preliminary Injunction; (2) To the extent permitted by Court, Parties' deadline to confer on expedited discovery, exchange limited requests for production, schedule limited depositions |
| May 11, 2026 | Plaintiffs' deadline to reply to Defendants' opposition |
| May 20, 2026 | To the extent permitted by Court, parties complete limited discovery for purposes of Plaintiffs' motions |
| May 20 – 27, 2026 | Evidentiary hearing (with three days reserved) |

PAGE 3 – DEFENDANTS' JOINT STATUS REPORT

## II.    PROPOSED EVIDENTIARY HEARING

The parties also disagree about how best to resolve Plaintiffs' requests for expedited discovery and an evidentiary hearing.  Accordingly, Defendants' positions are set forth as follows:

### 1.  The need for an evidentiary hearing.

Defendants' position is that the Court should consider and rule on Defendants' Rule 12 motions before considering either Plaintiffs' Motion for Expedited Discovery or Plaintiffs' Motion for Preliminary Injunction.  Simply put, an evidentiary hearing is only necessary if the Court denies Defendants' dispositive motions.  Assuming for the sake of this report the Court denies Defendants' motions, then a limited hearing would be necessary to determine whether Plaintiffs' can satisfy their burden under *Winter v. Nat. Res. Defense Council, Inc.*, 555 U.S. 7, 129 S.Ct. 365 (2008) that: (1) Plaintiffs are likely to succeed on the merits; (2) Plaintiffs are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in Plaintiffs' favor; and (4) an injunction is in the public interest.

### 2.  The anticipated length of the hearing.

Defendants anticipate the hearing could be accomplished in two full court days, with a third day reserved, assuming that the hearing is narrowly tailored to the issues raised by Plaintiffs' complaint.

### 3.  The type of evidence to be offered at the hearing.

Defendants expect that the Court would need to act as a gatekeeper to ensure that evidence only relevant to Plaintiffs' burden on its preliminary injunction motion is heard.  In the underlying State Court action, Plaintiffs have already served Defendants with discovery requests that are not tailored to Plaintiffs' claims in the complaint, let alone to their preliminary injunction

motion.  Plaintiffs have also cited to various media and political interests in this case that would both distract from the issues before the Court and unfairly prejudice Defendants.  If this hearing is kept to evidence directly relevant to (1) Plaintiffs' burden under *Winter* and (2) the elements of Plaintiffs' complaint, then the hearing will be efficient.  Plaintiffs should be required to limit their evidence to the following:

1. Plaintiffs' standing to assert any claim under ORS 676.555;

2. The basis on which Plaintiff's Eugene Emergency Physicians, P.C.'s contract expiring on its own terms gives it to a right seek declaratory or injunctive relief; and

3. The claimed harm to each Plaintiff that is both imminent and irreparable, such that there are no other adequate remedies available.

Defendants will offer evidence showing that Plaintiffs will fail on each point.

DATED:  April 10, 2026.

| STOEL RIVES LLP | TONKON TORP LLP |
|---|---|
| By:   *s/ Misha Isaak* | By:   *s/ Jeffrey G. Bradford* |
| Misha Isaak, Bar No. 086430 | Jeffrey G. Bradford, OSB No. 133080 |
| misha.isaak@stoel.com | Direct:  503.802.5724 |
| Kevin R. Schock, Bar No. 181889 | Email:  jeff.bradford@tonkon.com |
| kevin.schock@stoel.com | 1300 SW Fifth Ave., Suite 2400 |
| Kimberly J. Cullen, Bar No. 246825 | Portland, OR 97201 |
| kimberly.cullen@stoel.com | |
| Telephone:  (503) 224-3380 | ALSTON & BIRD |
| | |
| *Attorneys for Defendant PeaceHealth* | Jason D. Popp, *Pro Hac Vice Forthcoming* |
| | Direct:  404.881.4753 |
| | Email:  jason.popp@alston.com |
| | One Atlantic Center |
| | 1201 West Peachtree Street, Suite 4900 |
| | Atlanta, GA 30309 |
| | |
| | *Attorneys for Defendants ApolloMD, Inc., ApolloMD Business Services, LLC, and Lane Emergency Physicians LLC* |

PAGE 5 – DEFENDANTS' JOINT STATUS REPORT