Jeffrey G. Bradford, OSB No. 133080
Direct: 503.802.5724
Email: jeff.bradford@tonkon.com
TONKON TORP LLP
1300 SW Fifth Ave., Suite 2400
Portland, OR 97201

Jason D. Popp, *Pro Hac Vice Forthcoming*
Direct: 404.881.4753
Email: Jason.popp@alston.com
Joanna Schorr, *Pro Hac Vice Forthcoming*
Direct: 212.210.9421
Email: Joanna.Schorr@alston.com
Mia Falzarano, *Pro Hac Vice Forthcoming*
Direct: 214.922.3439
Email: Mia.Falzarano@alston.com
ALSTON & BIRD
One Atlantic Center
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309

*Attorneys for Defendants ApolloMD, Inc., ApolloMD Business Services, LLC, and Lane Emergency Physicians LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| KAREN STAPLETON, et al.<br><br>Plaintiffs,<br><br>v.<br><br>PEACEHEALTH, et al.,<br><br>Defendants. | Civil No. 6:26-cv-00684-MTK<br><br>**STIPULATED PROTECTIVE ORDER** |

One or more of the parties has requested the production of documents or information that at least one party considers to be or to contain confidential information, and that are subject to protection under Federal Rule of Civil Procedure 26(c).

The parties agree that good cause exists to protect the confidential nature of the information contained in documents, interrogatory responses, responses to requests for admission, or deposition testimony. This action concerns claims asserted by and against competing medical service providers and the healthcare system with which those providers do business. The parties expect to exchange documents and information relating to confidential agreements, private communications, trade secrets, employment and personnel matters, and proprietary business information. The parties agree that the entry of this Stipulated Protective Order ("Protective Order") is warranted to protect against disclosure of such documents and information.

Based upon the above stipulation of the parties, and the Court being duly advised, IT IS HEREBY ORDERED as follows:

1. Any party or non-party to this action disclosing, producing, giving or exchanging any documents, testimony, information, or material in connection with this action, or whose documents, testimony, information, or material is being disclosed, produced, given, or exchanged by another party or non-party in connection with the action (the "Disclosing Party"), may designate such material as "Confidential" under the terms of this Order if the Disclosing Party in good faith reasonably believes that such material contains: confidential information; information that is sensitive from a business perspective and unrelated to the merits of the case; personally sensitive information that is unrelated to the merits of the case; information for which a good faith claim for the need for protection from disclosure can be made under applicable law;

and/or information the disclosure of which is restricted by a constitution, statute, rule, policy, or by common law ("Confidential Information").

2. Any Disclosing Party may designate as "Confidential – Attorneys' Eyes Only" any documents, testimony, information, or material that the Disclosing Party in good faith reasonably believes consists of highly sensitive information, the disclosure of which to a party, even subject to the terms governing Confidential Information under this order, is likely to cause competitive business injury ("AEO Information").

3. Use of any "Confidential Information" or "AEO Information," including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by any party for any business, commercial, or competitive purpose. This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation. Should a dispute arise as to any specific information or document, the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.

4. If portions of documents or other materials deemed "Confidential" or "Confidential – Attorneys' Eyes Only," or any papers containing or making reference to such materials, are filed with the Court, they shall be filed under seal and marked as follows or in substantially similar form:

> CONFIDENTIAL [or CONFIDENTIAL – ATTORNEYS' EYES ONLY]
>
> IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 7 [or PARAGRAPH 9] OF THE PROTECTIVE ORDER.

If a party is filing a document that it has itself designated as “Confidential” or “Confidential – Attorneys’ Eyes Only,” that party shall reference this Stipulated Protective Order in submitting the documents it proposes to maintain under seal. If a non-designating party is filing a document that another party has designated as “Confidential” or “Confidential – Attorneys’ Eyes Only,” then the non-designating party shall file the document under seal. If the non- designating party makes a request in writing to have the document unsealed and the designating party does not file, within ten calendar days, a motion that shows good cause to maintain the document under seal, then the Court shall unseal the document. Before seeking to maintain the protection of documents filed with the Court, a party must assess whether redaction is a viable alternative to complete nondisclosure. If the Court does not grant the motion to file under seal as to any individual document, the non-designating party is free to file that individual document conventionally.

5. Within sixty (60) days after receipt of the final transcript of the deposition of any party or witness in this case, a party or the witness may designate as “Confidential” or “Confidential – Attorneys’ Eyes Only” any portion of the transcript that the party or witness contends discloses Confidential Information or AEO Information. If a transcript containing any such material is filed with the Court, it shall be filed under seal and marked in the manner described in paragraph 4. Unless otherwise agreed, all deposition transcripts shall be treated as “Confidential” until the expiration of the sixty-day period.

6. “Confidential Information” or “AEO Information” and documents subject to this Protective Order shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, except when any portion(s) of such pleadings, motions, briefs, etc. have been filed under seal by counsel and marked in the same manner as described in

paragraph 4 above. Such sealed portion(s) of pleadings, motions, briefs, documents, etc., shall be opened only by the Court or by personnel authorized to do so by the Court.

7. Use of any "Confidential Information" or including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

a. Outside counsel of record for the parties, and the administrative staff of outside counsel's firms.

b. In-house counsel for the parties, and the administrative staff for each in-house counsel.

c. Any party to this action who is an individual, and every employee, director, officer, or manager of any party to this action who is not an individual, but only to the extent necessary to further the interest of the parties in this litigation.

d. Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to evaluate and provide testimony regarding the interests of the parties in this litigation.

e. The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action.

f. The authors and the original recipients of the documents.

g. Any court reporter or videographer reporting a deposition.

h. Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action.

8. Whenever "Confidential Information" is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding, the designating party may exclude from the room

any person, other than persons designated in paragraph 7, as appropriate, for that portion of the deposition, hearing or pre- trial proceeding.

9. Use of any "AEO Information," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

a. Outside counsel of record for the parties, and the administrative staff of outside counsel's firms.

b. Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to evaluate and provide testimony regarding the interests of the parties in this litigation.

c. The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action.

d. The authors and the original recipients of the documents.

e. Any court reporter or videographer reporting a deposition.

f. Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action.

10. Prior to being shown any documents produced by another party marked "Confidential – Attorneys Eyes Only," any person listed under paragraph 9(b) shall agree to be bound by the terms of this Order by signing the agreement attached as Exhibit A.

11. Whenever "AEO Information" is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding, the designating party may exclude from the room any person, other than persons designated in paragraph 9, as appropriate, for that portion of the deposition, hearing or pre- trial proceeding.

12. Documents designated “Confidential,” “Confidential – Attorneys Eyes Only,” or any information contained therein, shall not be submitted to any open generative artificial intelligence tool (e.g., ChatGPT) or any substantially similar tool that is available to the public. Providing such information to an open tool is considered disclosure to a third party. The obligations and restrictions of this paragraph apply even where the data, documents, or information have been anonymized.

13. Any non-party to this action from whom discovery is sought in the Action may obtain the protection of this Protective Order by signing and providing to outside counsel for the Party seeking the discovery a certification and agreement, substantially in the form attached hereto as Exhibit B, stating that the non-party has read the Protective Order, understands the terms of the Protective Order, agrees to be fully bound by the Protective Order, submits to the jurisdiction of this Court for purposes of enforcement of the Protective Order, and understands that any violation of the terms of the Protective Order shall be punishable by relief deemed appropriate by the Court.

14. Each party reserves the right to dispute the “Confidential” or “Confidential – Attorneys Eyes Only” designations claimed by any other party or subpoenaed party in accordance with this Protective Order. If a party believe that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the designating party. As part of that conferral, the designating party must assess whether redaction is a viable alternative to complete non-disclosure. If the parties are unable to resolve the matter informally, a party may file an appropriate motion before the Court requesting that the Court determine whether the Protective Order covers the document in dispute. Regardless of which party files the motion, the party seeking to protect a document from

disclosure bears the burden of establishing good cause for why the document should not be disclosed. A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

15. The inadvertent failure to designate a document, testimony, or other material as "Confidential" or "Confidential – Attorneys Eyes Only" prior to disclosure shall not operate as a waiver of the party's right to later make such a designation. The receiving party or its counsel shall not disclose such documents or materials if that party knows or reasonably should know that a claim of confidentiality would be made by the producing party. Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

16. Designation by either party of information or documents as "Confidential" or "Confidential – Attorneys Eyes Only," or failure to so designate, will not be constitute an admission that information or documents are or are not confidential or trade secrets. Neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether the Protective Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents as "Confidential" or "Confidential – Attorneys Eyes Only."

17. Upon the request of the Disclosing Party or third party, within 30 days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by this Protective Order to receive confidential information shall return to the

producing party or third party, or destroy, all information and documents subject to this Protective Order. Returned materials shall be delivered in sealed envelopes marked "Confidential" to respective counsel. The party requesting the return of materials shall pay the reasonable costs of responding to its request. Notwithstanding the foregoing, counsel for a party may retain archival copies of confidential documents.

18. This Protective Order shall not constitute a waiver of any party's or non- party's right to oppose any discovery request or object to the admissibility of any document, testimony or other information.

19. If a Disclosing Party discloses, or permits another Party to review or use, information in connection with the pending litigation that the Disclosing Party thereafter claims to be privileged or protected by the attorney-client privilege, work product protection, or any other privilege or immunity ("Protected Information"), the disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture of any claim of attorney-client privilege or work product protection or any other privilege or immunity that the Disclosing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

20. Should a Disclosing Party identify Protected Information that has been disclosed, that Party must notify the Party that received the Protected Information (the "Receiving Party"), in writing, that it has disclosed Protected Information without intending a waiver by the disclosure. Upon such notification, the Receiving Party must—unless it contests the claim of attorney-client privilege or work product protection or other privilege or immunity in accordance with paragraph 21—promptly (i) notify the Disclosing Party that it will make best efforts to identify and return, sequester or destroy (or in the case of electronically stored information,

delete) the Protected Information and any reasonably accessible copies it has and (ii) provide a certification that it will cease further review, dissemination, and use of the Protected Information. If requested by the Receiving Party, within fourteen business days of such request, the Disclosing Party must explain why the Protected Information is subject to attorney-client privilege, work product protection, or another privilege or immunity.

21. If the Receiving Party contests the claim of attorney-client privilege or work product protection or another privilege or immunity, the Receiving Party must—within fourteen business days of receipt of the notice of disclosure—move the Court for an Order compelling disclosure of the information claimed as unprotected (a "Disclosure Motion"). The Disclosure Motion must be filed under seal and may not assert as a ground for compelling disclosure the fact or circumstances of the disclosure as a basis for contesting the claim. Pending resolution of the Disclosure Motion, the Receiving Party must not use the purported Protected Information in any way or disclose it to any person other than those required by law to be served with a copy of the sealed Disclosure Motion.

22. Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Disclosing Party that such materials have been produced.

23. Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

24. The restrictions on disclosure and use of confidential information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

SO STIPULATED:

HERSHNER HUNTER, LLP

By: /s/ *Todd R. Johnston*

Todd R. Johnston, OSB No. 992913
tjohnston@hershnerhunter.com
Alexandra P. Hilsher, OSB No. 114218
ahilsher@hershnerhunter.com
675 Oak St., Ste. 400
Eugene, OR 97401

Hayden K. Rooke-Ley, OSB No. 242890
Hayden.k.rookeley@gmail.com
1988 NW Savier St.
Portland, OR 97209

PUBLIC INTEGRITY PROJECT LLC
Brendan Ballou, *Pro Hac Vice* Forthcoming
brendan@publicintegrityproject.com
1763 Columbia Rd., Ste. 175 #357
Washington, DC 20009

*Attorneys for Plaintiffs*

STOEL RIVES LLP

By: /s/ *Kevin R. Schock*

Misha Isaak, OSB No. 086430
misha.isaak@stoel.com
Kevin R. Schock, OSB No. 181889
kevin.schock@stoel.com
Kimberly J. Cullen, OSB No. 246825
kimberly.cullen@stoel.com
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205

*Attorneys for Defendant PeaceHealth*

TONKON TORP LLP

By: /s/ *Jeffrey G. Bradford*

Jeffrey G. Bradford, OSB No. 133080
jeff.bradford@tonkon.com
1300 SW Fifth Ave., Suite 2400
Portland, OR 97201

ALSTON & BIRD
Jason D. Popp, *Pro Hac Vice* Forthcoming
Jason.popp@alston.com
Joanna Schorr, *Pro Hac Vice* Forthcoming
Joanna.Schorr@alston.com
Mia Falzarano, *Pro Hac Vice* Forthcoming
Mia.Falzarano@alston.com
One Atlantic Center
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309

*Attorneys for Defendants ApolloMD, Inc.,
ApolloMD Business Services, LLC, and
Lane Emergency Physicians LLC*

The Court has reviewed the reasons offered in support of entry of this Stipulated Protective Order and finds that there is good cause to protect the confidential nature of certain information. Accordingly, the Court adopts the above Stipulated Protective Order in this action.

IT IS SO ORDERED.

DATED: 8/26/2026

MUSTAFA T. KASUBHAI (he/him)
United States District Judge

EXHIBIT A

I, ____________________, have been advised by counsel of record for ____________________________ in *Stapleton et al. v. PeaceHealth et al.*, Case No. 6:26-cv-00684-MTK of the Stipulated Protective Order (the "Order") governing the delivery, publication, and disclosure of confidential documents and information produced in this litigation. I have read a copy of the Order and agree to abide by its terms.

______________________________
Signed

______________________________
Printed Name

______________________________
Date

EXHIBIT B

I, ___________________________________, hereby certify, on behalf of ___________________________________, that (i) ___________________________________ is producing confidential information, that (ii) ___________________________________ seeks to obtain the protections provided by the Stipulated Protective Order (the "Order") entered by the United States District Court for the District of Oregon in *Stapleton et al. v. PeaceHealth et al.*, Case No. 6:26-cv-00684-MTK, and (iii) I am authorized to execute this certification on ___________________________________'s behalf.

I hereby further certify that (i) I have read the Order, understand the terms of the Order, and agree to be fully bound by the Order, and (ii) ___________________________________ hereby submits to the jurisdiction of the above-referenced Court for purposes of enforcement of the Order. I further certify my understanding that any violation of the terms of the Order shall be punishable by relief deemed appropriate by the Court.

Signature: ____________________________

*Please Print or Type the Following*

Name: ____________________________

Title and Affiliation: ____________________________

Company: ____________________________

Address: ____________________________

Telephone: ____________________________

Date: ____________________________